# Appendix A

Christian Washington
vs.
City of Wichita, Kansas et. al.

**ELECTRONICALLY FILED**
2021 Jul 13 PM 3:39
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-001194-TO

RECEIVED
JUL 15 2021
CITY CLERK OFFICE

**SUMMONS**

**Chapter 60 - Service by the Sheriff**

RECEIVED JUL 15 2021

To the above-named Defendant/Respondent:

**City of Wichita, Kansas**
**Clerk for the City of Wichita, City Manager's Office, 455 N. Main St., 13th Floor**
**Wichita, KS 67202**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Timothy Charles Hodge
301 North Main, Suite 400
Newton, KS 67114

within 21 days after service of summons on you.


Bernadine D. Lumbreras

Clerk of the District Court
Electronically signed on 07/13/2021 04:02:11 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2021 Jul 13 PM 3:39
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-001194-TO

<u>Christian Washington</u>

vs.

<u>City of Wichita, Kansas et. al.</u>

## SUMMONS

## Chapter 60 - Service by the Sheriff

To the above-named Defendant/Respondent:

**Drake Kreifels**
**City of Wichita, City Manager's Office, 455 N. Main St., 13th Floor**
**Wichita, KS  67202**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Timothy Charles Hodge
301 North Main, Suite 400
Newton, KS 67114

within 21 days after service of summons on you.



Clerk of the District Court

Electronically signed  on 07/13/2021 04:02:11 PM

**Documents to be served with the Summons:**

PLE: Petition Petition

ELECTRONICALLY FILED
2021 Jul 13 PM 3:39
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-001194-TO

ADRIAN & PANKRATZ, P.A.
Attorneys at Law
Old Mill Plaza, Suite 400
301 N Main
Newton, KS 67114
Phone: (316) 283-8746

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

| | |
|---|---|
| CHRISTIAN J. WASHINGTON, | Plaintiff, |
| vs. | Case No. _____ |
| CITY OF WICHITA, KANSAS, a municipal corporation, | |
| and | |
| DRAKE KREIFELS, an individual, | Defendants. |

### PETITION

COMES NOW Christian J. Washington, Plaintiff, through their attorney, Timothy C. Hodge of Adrian & Pankratz, P.A., and for their claims against the Defendants, The City of Wichita, Kansas, and Drake Kreifels, an individual, hereby allege and state as follows:

### PARTIES

1. Plaintiff, Christian J. Washington, is a resident of Kansas and can be served at 820 N. Valleyview St.; Wichita, KS 67207.

2. Defendant, City of Wichita, is a municipality within the State of Kansas, County of Sedgwick, and may be served with process pursuant to KAN. STAT. ANN. § 60-304(d)(3) by serving the Clerk for the City of Wichita, City Manager's Office, 455 N. Main St., 13th Floor; Wichita, KS 67202.

1

3. Defendant, Drake Kreifels, hereinafter "Officer Kreifels," a resident of Kansas and City of Wichita Police Officer, may be served at his place of employment at the City of Wichita, City Manager's Office, 455 N. Main St., 13th Floor, Wichita, KS 67202, or at his place of residence, or through publication.

4. This Court has proper venue and jurisdiction over the parties and subject matter.

## Relevant Facts

5. On or about July 15, 2019, the Wichita Police Department ("WPD") was dispatched to 3111 W. Keystone Ct. in Wichita, Kansas, on report of a domestic disturbance.

6. The suspect was identified as a "mixed-race male wearing a red shirt and black shorts." This individual was later identified as Christian J. Washington. No dispatchers or responding officers made any statement indicating Mr. Washington was armed.

7. Officers eventually made contact with Mr. Washington around 53rd St. and Meridian in Wichita.

8. Officer Kreifels was one of the responding officers. Officer Kreifels had been hired by WPD in August of 2018, and graduated the WPD Academy on January 19 of 2019. He had no prior law enforcement experience.

9. Mr. Washington did not respond to WPD's attempts at contact. This ultimately led to Officer Kreifels—who was alone in his unit—exiting his vehicle and running towards Mr. Washington to intercept him.

10. After Officer Kreifels gave commands to stop, he drew his service pistol and pointed it at Mr. Washington. Mr. Washington turned around and raised his hands, in compliance with Officer Kreifels's commands.

2

11. Despite Mr. Washington's compliance, Officer Kreifels shot at Mr. Washington at least three times, striking him in the abdomen. At the time Officer Kreifels shot at Mr. Washington, his shirt was raised, and his hands visible.

12. Mr. Washington was unarmed.

13. Mr. Washington was transported to the hospital, where he underwent two surgeries to remove the bullet and repair the gunshot wound, ultimately resulting in both a colon and intestine resection. He was confined to a wheelchair for months following his release from the hospital.

14. The State later dismissed all charges against Mr. Washington for all events leading up to, and during, this incident.

15. Mr. Washington now suffers permanent injury due to this unjustified shooting.

16. This suit arises out of the negligence of one or more members of the city of Wichita police department while acting in their official capacity as agents/employees of the City of Wichita. Plaintiffs complied with the statutory notice provisions of KAN. STAT. ANN. § 12-105b(d) by serving a notice of claim via certified mail upon the clerk for the city of Wichita on March 2, 2021. The City of Wichita has denied Plaintiffs' claim. Plaintiffs have complied with all conditions precedent to bring this lawsuit.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE—USE OF FORCE

17. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

18. Defendants, owed a duty to Mr. Washington not to use excessive or unreasonable force against him.

19. Defendants breached their duty to Plaintiff and used excessive or unreasonable force

against him.

20. Officers of the City of Wichita Police Department do not have discretion to use unreasonable or excessive force on any citizen, including Mr. Washington. According to the Wichita Police Department Regulations, Section 4.101 and 4.105, officers must only use force that is "objectively reasonable." Additionally, officers are "not justified in discharging a firearm when use of less force would safely accomplish the objective."

21. Mr. Washington was not armed, his hands were up and plainly visible to law enforcement, as was his waistband. Within 30 seconds of drawing his firearm, Officer Kreifels discharged three rounds at Mr. Washington.

22. Pursuant to the KTCA, the Defendant, City of Wichita, is liable as a matter of law for the actions of Officer Kreifels, as he negligently or wrongfully injured Mr. Washington in the scope of his employment.

23. No exception under the KTCA applies.

24. As a result of its breach of duty, Defendants Officer Kreifels and City of Wichita caused Mr. Washington to suffer injuries and damages.

### COUNT II: EXCESSIVE USE OF FORCE UNDER THE FOURTH AMENDMENT

25. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

26. Defendant, Officer Kreifels, acted "under color of law."

27. The unreasonable use of deadly force amounts to deliberate indifference to the Fourth Amendment Constitutional rights of Mr. Washington

28. The use of deadly force when Mr. Washington was not an imminent threat, and other non-lethal options were available, constitutes an unreasonable use of deadly force.

29. Based on these facts, the Defendant acted with deliberate indifference to Mr. Washington's

4

Fourth and Fourteenth Amendment Constitutional rights.

30. As a direct and proximate result of the excessive force by Defendant, Mr. Washington suffered damages.

### COUNT III: FAILURE TO TRAIN

31. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

32. Defendant, City of Wichita, knew or should have known that its officers—with extreme frequency—would encounter situations where a citizen either leaves a scene of a reported incident, or encounter situations following reported domestic disturbances.

33. Defendant knew or should have known that any officer—and here, Officer Kreifels—with less than two years of law enforcement experience should be directly supervised and trained until said officer has acquired the skills to handle these situations with unknown facts and unknown citizen responses.

34. However, Officer Kreifels was on patrol alone. He plainly did not have the requisite skills and experience to deal with unknown situations, as evidenced by his shooting of Mr. Washington within thirty seconds of contact, during which Mr. Washington had become compliant. Nor did Officer Kreifels have the requisite knowledge of the Wichita Police Department's Regulations, which state that discharge of a firearm against a citizen is not warranted when less-lethal options are available. Again, Mr. Washington was unarmed, and there was no report of him being armed prior to his shooting.

35. The failure of the City to properly provide adequate training and guidance on the use of citizen interactions and deadly force resulted in the deprivation of Mr. Washington's Fourth and Fourteenth Amendment rights.

36. Mr. Washington suffered damages as a result.

## COUNT IV: FAILURE TO SUPERVISE

37. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

38. Defendant's, City of Wichita's, decision to knowingly place Officer Kreifels in the field of service, and allowing him to respond to all calls for service without supervision, given his lack of experience evidences the Defendant's indifference to the possibility of Fourth Amendment violations against a member of the City's general public.

39. There exists a sufficient causal connection between the Defendant's knowing placement of Officer Kreifels in the field of service despite his lack of training and experience in law enforcement.

40. Defendant knew or should have known that Officer Kreifels would encounter situations where sound and reasonable discretion would be needed regarding the proper use of force, yet the Defendant failed to properly supervise Officer Kreifels and his ability to make those decisions, and as a result, Mr. Washington's Fourth and Fourteenth Amendment Rights were violated.

41. Mr. Washington suffered damages as a result.

## COUNT V: BATTERY

42. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

43. Defendant, Officer Kreifels, did unlawfully, wrongfully and intentionally shoot Mr. Washington without privilege to do so.

44. Pursuant to the KTCA, Defendant is liable as a matter of law for the actions of its agents, if those agents wrongfully injured Mr. Washington in the scope of their employment.

45. No exception under the KTCA applies.

6

46. Defendants' actions resulted in the injury of Mr. Washington.

47. Defendants actions caused Plaintiffs to suffer damages in excess of $75,000.00

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgement against the Defendant(s) as follows:

1. For an award of damages, the amount to be determined at trial, but in excess of $75,000.00;

2. For an award of attorneys' fees and costs as allowed by law;

3. For civil penalties as allowed by law;

4. For other such and further relief as the Court may deem just and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiffs respectfully demand a trial by jury on all issues.

RESPECTFULLY SUBMITTED,

/s/ Timothy C. Hodge
Timothy C. Hodge, S.C. #12397
ADRIAN & PANKRATZ, P.A.
tim@aplawpa.com
Attorneys for Plaintiffs

7