**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHRISTIAN J. WASHINGTON,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-1189-DDC-KGG** |
| **CITY OF WICHITA, KANSAS and** **DRAKE KREIFELS,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Before the court is plaintiff's unopposed Motion for Leave to File Exhibits
Conventionally and Under Seal (Doc. 27). Plaintiff seeks leave to file "several video recordings
of the events giving rise to plaintiff's claims in support of his response in opposition" to
defendant's Motion for Summary Judgment (Doc. 19). Doc. 27 at 1. Plaintiff also seeks leave to
file one video—an interview of defendant Kreifels—because the video "contains his date of
birth." Doc. 27 at 2. The court grants plaintiff's request to file the video exhibits conventionally
but denies the request to file the video of the interview under seal.

The public has a "general right to inspect and copy public records and documents . . . ."
*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there is a presumption that
the public should have access to judicial records. *Id.* at 602. To overcome this presumption,
"'the parties must articulate a real and substantial interest that justifies depriving the public of
access to the records that inform [the court's] decision-making process.'" *Eugene S. v. Horizon
Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v.
Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

The only reason plaintiff advances for filing the video exhibit under seal—that the video contains defendant's date of birth—doesn't overcome the presumption.  But the court recognizes that it should protect personal information like defendant's date of birth.  So, rather than sealing the entire video exhibit, the court orders plaintiff to redact defendant's birth date from the video exhibit.  *See MusclePharm Corp. v. Liberty Ins. Underwriters, Inc.*, 712 F. App'x 745, 759 (10th Cir. 2017) (refusing to seal certain documents completely but allowing the parties to redact information that deserved protection from public view).  Aside from this redaction, the video exhibits plaintiff files must leave everything else available to the public.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's unopposed Motion for Leave to File Exhibits Conventionally and Under Seal (Doc. 27) is granted in part and denied in part.

**IT IS SO ORDERED.**

**Dated this 2nd day of November, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**